# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | | |
|---|---|---|
| **MICHAEL F. DIESSNER,**<br>**an individual,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **2:09-cv-00095 JWS** |
| | ) | |
| **vs.** | ) | **ORDER AND OPINION** |
| | ) | |
| **MORTGAGE ELECTRONIC**<br>**REGISTRATION SYSTEMS;**<br>**AURORA LOAN SERVICES, LLC;**<br>**et al.,** | )<br>)<br>)<br>) | **[Re: Motion at Docket 7]** |
| | ) | |
| **Defendants.** | ) | |

## I.  MOTION PRESENTED

At docket 7, defendants Aurora Loan Services, LLC ("Aurora") and Mortgage Electronic Registration Systems, Inc. ("MERS") move to dismiss plaintiff's complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).  At docket 8, plaintiff Michael Diessner ("Diessner") opposes the motion.  Defendants Aurora and MERS reply at docket 10.  Oral argument was not requested and it would not assist the court.

## II.  BACKGROUND

Michael Diessner obtained a mortgage loan for $980,000 from Metrocities Mortgage, LLC ("Metrocities Mortgage") on March 26, 2004, to purchase real property commonly known as 4707 E. Porter Drive, Phoenix, AZ 85015 ("the subject property"). Diessner executed a promissory note entitling Metrocities Mortgage to foreclose on the subject property if Diessner defaulted on the loan.  Metrocities Mortgage subsequently sold Diessner's loan to MERS and/or Aurora, and Diessner began making his mortgage payments to the new company.[1]  At some point, Diessner defaulted on the loan and foreclosure proceedings were initiated.  MERS and Aurora appointed Quality Loan Service Corporation ("Quality Loan") as trustee to conduct a trustee's sale on the property.  A foreclosure sale is pending.

On December 16, 2008, Diessner filed a complaint in Superior Court of Arizona, County of Maricopa, against Quality Loan,[2] MERS, and Aurora.  Diessner's complaint alleges that because Aurora and MERS "are not in possession of the original Note endorsed to them, they have no present right to initiate foreclosure under the security interest nor the right to direct [Quality Loan] to foreclose and sell the subject property owned by Plaintiff."[3]  Count one of the complaint seeks a declaration pursuant to A.R.S. § 12-1831 that defendants "are not entitled to enforce the underlying promissory Note described in the security instrument" and "have no legal claim to title on the subject

---

[1]Doc. 1, exh. A at p. 25.

[2]At docket 9, plaintiff filed a notice of voluntary dismissal as to defendant Quality Loan.

[3]Doc. 1, exh A. at p. 7.

property."[4]  Count two alleges that defendants violated the Federal Fair Debt Collection Practices Act and the Real Estate Settlement Procedures Act.  Count three alleges that defendants engaged in predatory lending practices in violation of the Home Ownership and Equity Protection Act, Truth in Lending Act (Regulation Z), and Federal Trade Commission Act.  Count Four alleges that defendants participated in a scheme of racketeering in violation of the Racketeer Influenced and Corrupt Organizations Act ("RICO").  Attached to the complaint is a Notice of Trustee's Sale regarding the subject property.  The Notice names Diessner as the original trustor, Quality Loan as the trustee, and MERS as nominee for Aurora, the current beneficiary.[5]

Defendants Aurora and MERS timely removed Diessner's complaint to federal court pursuant to 28 U.S.C. § 1441. This court has federal question jurisdiction over Diessner's complaint pursuant to 28 U.S.C. § 1331.

### III.  STANDARD OF REVIEW

A motion to dismiss for failure to state a claim made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims in the complaint.[6]  In reviewing a Rule 12(b)(6) motion to dismiss, "[a]ll allegations of material fact in the complaint are taken as true and construed in the light most favorable to the nonmoving party."[7]  "Conclusory allegations of law, however, are insufficient to defeat a motion to

---

[4]Doc. 1, exh. A at p. 9.

[5]Doc. 1, exh. A at p. 14.

[6]*De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978).

[7]*Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1997).

dismiss."[8]  A dismissal for failure to state a claim can be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[9]  "To avoid a Rule 12(b)(6) dismissal, a complaint need not contain detailed factual allegations; rather, it must plead 'enough facts to state a claim to relief that is plausible on its face.'"[10]

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion.  However, material which is properly submitted as part of the complaint may be considered."[11]  A court may also take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment if the facts noticed are not "subject to reasonable dispute."[12]

## IV.  DISCUSSION

**Count One**

In Count One, Diessner requests the court to "declare the rights, status and other legal relations of the parties" to the subject property pursuant to A.R.S. § 12-1831, which provides that "[c]ourts of record within their respective jurisdictions shall have power to declare rights, status, and other legal relations whether or not further relief is

---

[8]*Lee v. City of Los Angeles*, 250 F.3d 668, 679 (9th Cir. 2001).

[9]B*alistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990).

[10]*Weber v. Dept. of Veterans Affairs*, 521 F.3d 1061, 1065 (9th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[11]*Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (internal citations omitted).

[12]*Intri-Plex Technologies, Inc. v. Crest Group, Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007) (quoting *Lee*, 250 F.3d at 677).

or could be claimed." Diessner specifically requests the court to declare that MERS and Aurora "are not entitled to enforce the underlying promissory Note described in the security instrument" and "have no legal claim to title on the subject property."[13] Count one is based on Diessner's argument that "[u]nder the law of negotiable instruments as codified in the Uniform Commercial Code (codified in Arizona at A.R.S. § 47-3101, *et al.*), a purported Note holder who is not in possession of the original negotiable instrument is not entitled to enforce it."[14]

Diessner does not cite, nor is the court aware of, any controlling authority providing that the cited UCC section applies in non-judicial foreclosure proceedings in Arizona. To the contrary, district courts "have routinely held that Plaintiff's 'show me the note' argument lacks merit."[15] Furthermore, Arizona's non-judicial foreclosure statute does not require presentation of the original note before commencing foreclosure proceedings.[16] Because this action involves the non-judicial foreclosure of a real estate mortgage under an Arizona statute which does not require presentation of the original note before commencing foreclosure proceedings, count one of plaintiff's complaint fails to state a claim upon which relief may be granted. Moreover, Diessner's claim for

---

[13]Doc. 1, exh. A at p. 9.

[14]Doc. 8 at p. 2.

[15]*Mansour v. Cal-Western Reconveyance Corp.*, No. CV-09-37-PHX-DGC, 2009 WL 1066155, at *2 (D. Ariz. April 21, 2009) (citing *Ernestberg v. Mortgage Investors Group*, No. 2:08-cv-01304-RCJ-RJJ, 2009 WL 160241, at *5 (D.Nev. Jan. 22, 2009); *Putkkuri v. Reconstruct Co.*, No. 08cv1919 WQH (AJB), 2009 WL 32567, at *2 (S.D.Cal. Jan. 5, 2009); *San Diego Home Solutions, Inc. v. Reconstruct Co.*, No. 08cv1970 L(AJB), 2008 WL 5209972, at *2 (S.D.Cal. Dec. 10, 2008); *Wayne v. HomEq Servicing, Inc.*, No. 2:08-cv-00781-RCJ-LRL, 2008 WL 4642595, at *3 (D.Nev. Oct. 16, 2008)).

[16]*See* A.R.S. § 33-807.

declarative relief is dismissed with prejudice "because the acts complained of cannot constitute a claim for relief."[17]

## Count Two

Count two alleges that, in attempting to collect on a debt to which they have no legal entitlement, MERS and Aurora have violated the Federal Fair Debt Collection Practices Act ("FDCPA")[18] and the Real Estate Settlement Procedures Act ("RESPA").[19] The FDCPA was enacted "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."[20]  "The FDCPA regulates the collection of 'debts' by 'debt collectors' by regulating the number and types of contacts a debt collector may make with the debtor."[21]

MERS and Aurora argue that Diessner's claim under the FDCPA fails because MERS and Aurora are not "debt collectors" within the meaning of the FDCPA and a non-judicial foreclosure action does not constitute "debt collection" under the FDCPA. The court concurs.  The FDCPA defines a "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to

---

[17]*Bloom v. Martin*, 77 F.3d 318, 321 (9th Cir. 1996).

[18]15 U.S.C. §§ 1692-1692p.

[19]12 U.S.C. §§ 2601-2617.

[20]15 U.S.C. § 1692(e).

[21]*Rowe v. Educational Credit Management Corp.*, 559 F.3d 1028, 1031 (9th Cir. 2009).

collect, directly or indirectly, debts owed or due or asserted to be owed or due another."[22]   The Ninth Circuit defines non-judicial foreclosure as "a process where property that secures a defaulted obligation is sold by a trustee pursuant to power of sale contained in a deed of trust, without recourse to the courts."[23]

While the Ninth Circuit has not specifically addressed the issues of whether mortgagees and their assignees are "debt collectors" and whether non-judicial foreclosure actions constitute debt collection under the FDCPA, other courts have addressed the issues.  The Fifth Circuit has held that mortgagees and their beneficiaries are not debt collectors subject to the FDCPA.[24]  The legislative history of the FDCPA also supports the position that mortgagees and their assignees, including mortgage servicing companies, are not debt collectors under the FDCPA when the debts were not in default when taken for servicing.[25]  Here, the record shows that Diessner's loan was not in default when Aurora and MERS began servicing the loan.[26]  In addition, numerous district courts, including several in the Ninth Circuit, have also held that "the

---

[22]15 U.S.C. § 1692a(6).

[23]*Citicorp Real Estate, Inc. v. Smith*, 155 F.3d 1097, 1105 (9th Cir. 1998).

[24]*Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985).

[25]S. REP. No. 95-382, 3-4 (1977) ("[T]he committee does not intend the definition to cover the activities of trust departments, escrow companies, or other bona fide fiduciaries; the collection of debts, such as mortgages and student loans, by persons who originated such loans; mortgage service companies and others who service outstanding debts for others, so long as the debts were not in default when taken for servicing; and the collections of debts owed to a creditor when the collector is holding the receivable account as collateral for commercial credit extended to the creditor.")

[26]Doc. 1, exh. A at p. 24.

-7-

activity of foreclosing on [a] property pursuant to a deed of trust is not collection of a debt within the meaning of the FDCPA."[27]

Diessner points to no authority supporting the proposition that MERS and Aurora are "debt collectors" or that a non-judicial foreclosure proceeding constitutes the collection of a debt subject to the FDCPA.  The court finds the legal authority and legislative history discussed above to be persuasive, and concludes that MERS and Aurora are not debt collectors as defined in the FDCPA and that the non-judicial foreclosure proceeding on the subject property is not the collection of a debt for purposes of the FDCPA.  Accordingly, the court will dismiss Diessner's claim under the FDCPA with prejudice.

Count three also alleges a claim under the Real Estate Settlement Procedures Act ("RESPA").[28]  RESPA "requires mortgage lenders to disclose the costs associated with real estate closings," "prohibits fee-splitting in connection with settlement services except for services actually performed, and "prohibits giving or accepting anything of value in exchange for referrals except in certain circumstances."[29]  Diessner's complaint does not allege what conduct by MERS and Aurora violated RESPA, nor identify any provisions of RESPA that MERS and Aurora allegedly violated.  Rather, the complaint

[27]*Hulse v. Ocwen Fed. Bank*, 195 F.Supp.2d 1188, 1204 (D.Or. 2002).  *See also*, *Gray v. Four Oak Court Ass'n*, 580 F.Supp.2d 883, 887 (D.Minn. 2008); *Mansour*, 2009 WL 1066155 at *2; *Gallegos v. Recontrust Co.*, No. 08cv2245 WQH (LSP) 2009 WL 215406, at *3 (S.D.Cal. Jan. 29, 2009); *Casto v. Executive Trustee Services, LLC*, No. CV-08-2156-PHX-LOA, 2009 WL 438683, at *6 (D.Ariz. Feb. 23, 2009).

[28]12 U.S.C. §§2601-2617.

[29]*Bloom v. Martin*, 77 F.3d 318, 320 (9th Cir. 1996) (citing 12 U.S.C. §§ 2601, 2605, 2607).

states merely that in attempting to collect on a debt to which they are not legally entitled, Aurora and MERS "may have also violated provisions of [RESPA]."[30]  Because this "blanket assertion" is insufficient to give defendants fair notice of the claim and "the grounds upon which it rests,"[31] the court will dismiss Diessner's RESPA claim for failure to state a claim upon which relief may be granted.

Moreover, it appears that any amendment to Diessner's purported RESPA claim would be futile.[32]  RESPA provides a three-year statute of limitations for violations of section 2605 and a one-year statute of limitations for violations of section 2607 or 2608.[33]  Diessner obtained the loan to acquire the subject property on March 26, 2004. The deed of trust was recorded on April 4, 2004.  Diessner commenced this action on December 16, 2008, over four years later.  Thus, any claim Diessner may have alleged under RESPA is time barred.  Accordingly, the court will dismiss Diessner's RESPA claim with prejudice.

**Count Three**

Count three of Diessner's complaint alleges that assuming Aurora and MERS have the right "to receive payment under a valid Note," they are subject to defenses concerning predatory lending practices "that would have been available against

---

[30]Doc. 1, exh. A at p. 9.

[31]*Bell Atlantic*, 550 U.S. at 555, 556 n.3 (citations omitted).

[32]*Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008).

[33]12 U.S.C. 2614.

Metrocities Mortgage, the initial Lender identified in the security instrument."[34]   Count

three further alleges,

> Plaintiff is informed and believe[s] that Defendants have engaged in deceptive
> practices with respect to Plaintiff in violation of the Home Ownership and Equity
> Protection Act ("HOEPA"), 15 U.S.C. § 1637, the Truth in Lending Act ("TILA"),
> 15 U.S.C. § 1601, Regulation Z, 12 C.F.R. 226, and the Federal Trade
> Commission Act ("FTCA"), 15 U.S.C. §§ 41-58, the specifics of which are
> unknown, but which are subject to discovery and with respect to which the
> specifics will be alleged by amendment to this complaint when ascertained.[35]

Diessner's complaint contains no factual allegations which could support claims

under HOEPA, TILA (Regulation Z), and the FTCA.   In addition, Diessner fails to

identify any provisions of HOEPA, TILA (Regulation Z), or the FTCA that MERS and

Aurora allegedly violated.  Diessner's failure to do so subjects his claims under HOEPA,

TILA (Regulation Z), and the FTCA to dismissal.  In deciding a motion to dismiss, the

court must not "assume that the [plaintiff] can prove facts that it has not alleged or that

the defendants have violated the ... laws in ways that have not been alleged."[36]

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
> detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his
> "entitle[ment] to relief" requires more than labels and conclusions, and a
> formulaic recitation of the elements of a cause of action will not do.  Factual
> allegations must be enough to raise a right to relief above the speculative level,
> on the assumption that all the allegations in the complaint are true (even if
> doubtful in fact).[37]

---

[34]Doc. 1, exh. A at p. 10.

[35]Doc. 1, exh. A at p. 10.

[36]*Associated General Contractors of California, Inc. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

[37]*Bell Atlantic*, 550 U.S. 544, 555 (2007) (internal citations and quotations omitted).

In his opposition brief, Diessner requests the court for additional time to amend count three if the court finds that additional specificity is required.  "Leave to amend may be denied if a court determines that 'allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency.'"[38] Denial without leave to amend is appropriate here because Diessner's claims of predatory lending practices could not be saved by amendment.  An action for damages under HOEPA or TILA must be brought within one year of the occurrence of the violation.[39]  A violation occurs when a "consumer becomes contractually obligated on a credit transaction."[40]  As discussed above, Diessner entered into the loan agreement on March 26, 2004, and filed his complaint on December 16, 2008, over four years later.  Therefore, his requests for damages under TILA (Regulation Z) and HOEPA are barred by the applicable statute of limitations.  In addition, there is no private right of action under the FTCA, "which vests initial remedial power solely in the Federal Trade Commission."[41]

**Count Four**

Count four alleges that defendants Quality Loan, Aurora and MERS "participated in a scheme of racketeering" in violation of  RICO.  In his opposition to the motion to

---

[38]*Abagninin v. AMVAC Chemical Corp.*, 545 F.3d 733, 742 (9th Cir. 2008) (quoting *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)).

[39]15 U.S.C. § 1640(e); *Anderson v. Wells Fargo Home Mortg., Inc.*, 259 F.Supp.2d 1143, 1148 (W.D.Wash. 2003) ("Both TILA and HOEPA contain clear one-year statutes of limitations.")

[40]12 C.F.R. § 226.2(13).

[41]*Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973).

dismiss, Diessner agreed to dismiss the RICO count as to all defendants.[42]

For the reasons discussed above, Diessner's complaint fails to state any claim upon which relief may be granted.  Dismissal of Diessner's complaint without leave to amend is proper because "it is clear that the complaint could not be saved by amendment."[43]

## V.  CONCLUSION

For the reasons set out above, defendants' motion to dismiss at docket 7 is **GRANTED** as to all of plaintiff's claims, and plaintiff's complaint is **DISMISSED WITH PREJUDICE.**

DATED this 18th day of May, 2009.


_____/s/_____
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[42]Doc. 8 at p. 7.

[43]*Kendall*, 518 F.3d at 1051.

-12-